639 S.E.2d 47

**In the Matter of Kenneth L. EDWARDS, Respondent.**

No. 26236.

Supreme Court of South Carolina.

Submitted Nov. 2, 2006.

Decided Dec. 11, 2006.

268

Henry B. Richardson, Jr., Disciplinary Counsel, and Barbara M. Seymour, Senior Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Kenneth L. Edwards, of Hollywood, pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to imposition of any sanction set forth in Rule 7(b), RLDE, Rule 413, SCACR. We accept the agreement and definitely suspend respondent from the practice of law for eighteen months. The facts, as set forth in the agreement, are as follows.

### FACTS

In 1986, respondent and his wife were divorced in North Carolina. The order included a requirement that respondent pay $300.00 per month in child support. Respondent did not appeal the North Carolina order.

In 1987, respondent filed a separate action for divorce in South Carolina. In the South Carolina proceedings, respondent obtained an order that provided for $200.00 per month in child support.

At the time the North Carolina and South Carolina orders were issued, respondent was not an attorney. Even after becoming an attorney, respondent did not fully comply with either the North Carolina or South Carolina support orders,

although he did make some payments pursuant to the South Carolina order.[1]

In 2001, the South Carolina Department of Social Services (DSS) filed an action to register and enforce the North Carolina order.[2] The action alleged respondent was in arrears in excess of $94,000.00. Respondent responded to the DSS action by challenging the validity of the North Carolina order. The judge held the North Carolina order was valid and ordered respondent to make payments. The decision was upheld on appeal. Only then did respondent begin to make payments pursuant to the North Carolina order.

In 2004, at the time respondent's appeal in the DSS action was pending, respondent sued his ex-wife in the Court of Common Pleas in South Carolina, contesting the validity of the North Carolina order and requesting termination of child support. The action was dismissed for lack of jurisdiction.

In 2004, respondent also filed a motion to terminate child support on the grounds of his son's emancipation. Respondent attached an affidavit and itemized list to his motion to terminate stating he had already paid, directly and indirectly, over $30,000.00 in support. The itemized list of payments contained a statement that respondent had paid over $14,000.00 in tuition payments to a military school for respondent's son. Although respondent had paid the tuition, the son did not attend the school and respondent obtained a full refund. Respondent was refunded the money more than three years prior to his submission of the affidavit to the court. Respondent did not inform the court that he had received a full refund of the tuition. Respondent admits the judge relied on his affidavit and the itemized list when she considered his motion to terminate his support obligation.

In respondent's motion for termination, respondent used the case caption from his 1987 South Carolina divorce action rather than the case caption for the pending DSS support enforcement action. Respondent served his ex-wife, but not DSS, even though he knew that DSS was assigned the rights

---

1. Respondent was admitted to the South Carolina Bar on June 1, 1992.

2. By that time, the order had been registered in Michigan, the ex-wife's new place of residence.

to his child support. When the ex-wife did not appear at the hearing on respondent's motion to terminate payments, respondent handed up a proposed order which the judge signed. The order indicated that respondent had paid his child support pursuant to the South Carolina order and terminated support. Respondent did not inform the judge of the North Carolina support order, the pending DSS enforcement action and appeal, or the alleged arrearage to the judge. When the judge learned of the DSS action, she vacated the termination order she had signed for respondent.

On December 6, 2004, respondent filed a civil action against his ex-wife alleging, among other things, malicious prosecution and "misuse of legal procedure." He included a cause of action based, in part, on an ethical grievance his ex-wife had filed against him in 1995. The rules in effect at the time the grievance was filed prohibited lawyers from disclosing disciplinary matters. Respondent neither sought nor obtained permission from this Court to reveal information regarding his ex-wife's grievance. In addition, respondent's claims of malicious prosecution and "misuse of legal procedure" based on the grievance were without merit and in violation of Rule 13, RLDE (formerly Rule 26 of the Rule on Disciplinary Procedure) which provided immunity to complainants in disciplinary matters.

## LAW

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 3.1 (lawyer shall not bring, assert, or controvert an issue in a proceeding unless there is a basis for doing so that is not frivolous); Rule 3.3 (lawyer shall not knowingly fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting in a fraudulent act); Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct); Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (lawyer shall not engage in conduct that is prejudicial to the administration of justice). In addition, respondent admits his misconduct constitutes grounds for discipline pursuant to Rule 7, RLDE, of Rule 413, SCACR, specifically Rule

7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers), Rule 7(a)(5) (lawyer shall not engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law), and Rule 7(a)(7) (lawyer shall not willfully violate a valid court order issued by a court of this state or of another jurisdiction).

## *CONCLUSION*

■■ We accept the Agreement for Discipline by Consent and definitely suspend respondent from the practice of law for eighteen months. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.